IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JOSHUA LANGLEY AND VICTORIA RAY,**
each individually and on behalf of all others
similarly situated                                                                        **PLAINTIFFS**

V.                         CASE NO. 5:23-CV-_____

**FROST-BURNE, LLC**                                                              **DEFENDANT**

### CLASS AND COLLECTIVE ACTION COMPLAINT

COMES NOW Joshua Langley and Victoria Ray, each individually and on behalf of all others similarly situated, by and through their attorneys Chris Burks and Stewart Whaley of WH LAW, for their Class and Collective Action Complaint against Frost-Burne, LLC, they do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a class action and a collective action brought by Plaintiffs Joshua Langley and Victoria Ray, each individually and on behalf of all other hourly-paid employees employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiffs and other hourly-paid employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II.  JURISDICTION AND VENUE

4. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the Fayetteville Division of the Western District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to overtime wage violations alleged in this Complaint reside in this District.

10. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

## III. THE PARTIES

11. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiffs are residents and citizens of Washington County.

13. Plaintiff Joshua Langley was employed by Defendant as an hourly-paid employee within the three years relevant to this lawsuit.

14. Plaintiff Victoria Ray was employed by Defendant as an hourly-paid employee within the three years relevant to this lawsuit.

15. At all material times, Plaintiffs have been entitled to the rights, protection, and benefits provided under the FLSA and AMWA.

16. Defendant Frost-Burne, LLC is a limited liability company, registered and licensed to do business in the State of Arkansas.

17. Defendant Frost-Burne, LLC's registered agent for service of process in Arkansas is Meredith Lowry, who is able to be served at 3333 Pinnacle Hills Pkwy., Ste. 510, Rogers, AR 72758.

18. Defendant Frost-Burne, LLC is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the class and collective.

19. Defendant Frost-Burne, LLC is a franchise owner of Chick-Fil-A fast food restaurants.

20. During the time period relevant to this case, Plaintiffs were employed at Defendant Frost-Burne, LLC's Chick-Fil-A fast food restaurant in Fayetteville, Arkansas.

21.     Defendant Frost-Burne, LLC, has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as food products and material used to prepare and serve food.

22.     Defendant Frost-Burne, LLC's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this complaint.

## IV.    FACTUAL ALLEGATIONS

23.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

24.     During part of the three (3) years prior to the filing of this lawsuit, Plaintiffs Langley and Ray worked for Defendant as hourly-paid employees.

25.     Plaintiffs and other hourly-paid employees regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

26.     Plaintiffs and other hourly-paid employees were classified as hourly employees and paid an hourly rate.

27.     Plaintiffs were managers at Defendant's Chick-Fil-A restaurant.

28.     Plaintiffs were not employed in a bona fide administrative capacity within the meaning of 29 U.S.C. §213(a)(1).

29.     Plaintiffs did not have the authority to hire or fire employees, nor were their suggestions or recommendations as to the hiring, firing, advance, promotion, or other change of status of other employees given particular weight by the Defendant.

30. Plaintiffs were assigned work to complete at home while off the clock as part of their "professional development."

31. This off-the-clock work included reading books assigned to them by the General Manager and writing book reports.

32. Plaintiffs were expected to complete and turn in this work to the General Manager within two days or they were told they would be terminated.

33. Plaintiffs were not paid for the work they were required to complete off-the-clock.

34. As a result of the hours spent completing work assigned by the Defendant at home while off the clock, Plaintiffs were not paid a lawful overtime wage for all hours worked in a workweek.

35. Plaintiffs worked for Defendant at Defendant's restaurant in Fayetteville, Arkansas, and Defendant's pay practices were the same for all managers at this location.

36. The pay practices that violate the FLSA and AMWA alleged herein was a centralized human resources policy implemented uniformly from Defendant's corporate headquarters.

37. Defendant knew or showed reckless disregard for whether the way they paid Plaintiffs and other hourly-paid employees violated the FLSA and AMWA.

### V.     REPRESENTATIVE ACTION ALLEGATIONS

#### A.     FLSA § 216(b) Class

38. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

39. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

40. Plaintiffs bring their FLSA claims on behalf of all hourly-paid employees employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

    A. Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

    B. Liquidated damages; and

    C. Attorneys' fees and costs.

41. The relevant time period dates back three years from the date on which Plaintiffs' Class and Collective Action Complaint was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

42. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

    A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

    B. They were paid hourly rates;

    C. They were required to complete work assigned by the Defendant at home while off the clock, such as reading books and writing book reports;

    D. They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) hours per work week.

43. Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 35 persons.

44. Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses, and phone numbers of the FLSA collective action Plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action Plaintiffs via first class mail, email, and text message to their last known physical addresses, electronic mailing addresses, and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

### B.  AMWA Rule 23 Class

45. Plaintiffs, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, bring this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

46. Plaintiffs propose to represent the class of hourly-paid employees who are/were employed by Defendant within the relevant time period within the State of Arkansas.

47. Common questions of law and fact relate to all members of the proposed class, such as whether as a result Defendant's failure to pay Plaintiffs for work they completed at home while off the clock, Defendant paid members of the proposed class a lawful overtime wage in accordance with the AMWA.

48. Common questions of law and fact predominate over any questions affecting only the individually-named Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

49. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

50. Plaintiffs are unable to state the exact number of the potential members of the AMWA class but believe that the class exceeds 35 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

51. At the time of the filing of this Complaint, neither Plaintiffs nor Plaintiffs' counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

52. Concentrating the litigation in this forum is highly desirable because Defendant's facility is based in the Western District of Arkansas and because Plaintiffs and all proposed class members work or worked in Arkansas.

53. No difficulties are likely to be encountered in the management of this class action.

54. The claims of Plaintiffs are typical of the claims of the proposed class in that Plaintiffs worked as hourly-paid employees for Defendant and experienced the same violations of the AMWA that all other class members suffered.

55. Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

56. Plaintiffs' counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

57. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

58. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

59. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

60. During the period relevant to this lawsuit, Defendant classified Plaintiffs as non-exempt from the overtime requirements of the FLSA.

61. Plaintiffs were not employed in a bona fide administrative capacity within the meaning of 29 U.S.C. §213(a)(1).

62. Plaintiffs did not have the authority to hire or fire employees, nor were their suggestions or recommendations as to the hiring, firing, advance, promotion, or other change of status of other employees given particular weight by the Defendant.

63. Despite the entitlement of Plaintiffs to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours in each one-week period.

64. Defendant's failure to properly pay overtime wages to Plaintiffs stems from Defendant's acts of failing to pay Plaintiffs for off-the-clock work they were assigned by Defendant and had to complete at home, and as a result, failing to pay Plaintiffs for all hours worked.

65. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

66. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

67. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

68. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

69. Plaintiffs bring this collective action on behalf of all hourly-paid employees employed by Defendant to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for all the overtime compensation for all the hours they worked in excess of forty (40) each week.

70. Plaintiffs bring this action on behalf of themselves individually and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

71. During the period relevant to this lawsuit, Defendant classified Plaintiffs and all similarly situated members of the FLSA collective as non-exempt from the overtime requirements of the FLSA.

72. Despite the entitlement of Plaintiffs and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiffs and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

73. In the past three years, Defendant has employed hundreds of hourly-paid employees.

74. Like Plaintiffs, these hourly-paid employees regularly worked more than forty (40) hours in a week.

75. Defendant failed to pay these workers at the proper overtime rate.

76. Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **Each hourly-paid employee who, within the three years preceding the filing of this Complaint, was required to complete work assigned by the Defendant while off-the-clock.**

77. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

78. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

79. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

80. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

81. Plaintiffs assert their claims for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

82. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

83. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

84. Defendant failed to pay Plaintiffs all overtime wages owed as required under the AMWA.

85. Defendant's failure to properly pay overtime wages to Plaintiffs stems from Defendant's acts of requiring Plaintiffs to complete off-the-clock work, such as reading books and writing book reports, at home and not paying Plaintiffs for all hours worked.

86. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

87. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

88. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.   FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

89. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

90. Plaintiffs, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

91. At all relevant times, Defendant has been and continues to be the "employer" of Plaintiffs and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

92. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times their regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

93. Defendant failed to pay Plaintiffs and members of the proposed class all overtime wages owed as required under the AMWA.

94. Defendant's failure to pay Plaintiffs and members of the proposed class for time they spent completing work assigned to them at home resulted in a failure to pay Plaintiffs and members of the proposed class full and complete overtime during weeks in which Plaintiffs and members of the proposed class worked more than forty (40) hours.

95. Plaintiffs propose to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiffs, which may be defined as follows:

> **Each hourly-paid Arkansas employee who, within the three years preceding the filing of this Complaint, worked more than thirty-nine (39) hours in any week.**

96. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

97. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

98. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and members of the proposed class as provided by the AMWA, Plaintiffs and

members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

### X.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Joshua Langley and Victoria Ray respectfully pray that Defendant be summoned to appear and to answer herein as follows:

(A)     That Defendant be required to account to Plaintiffs, the class, and collective members, and the Court for all of the hours worked by Plaintiffs and the class and collective members and all monies paid to them;

(B)     A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C)     A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D)     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E)     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(F)     Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(G)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the class and collective during the applicable statutory period;

(H) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the class and collective during the applicable statutory period;

(I) An order directing Defendant to pay Plaintiffs and members of the class and collective pre-judgment interest, reasonable attorney's fees, and all costs connected with this action; and

(J) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Joshua Langley and Victoria Ray, each individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By: Chris Burks (ABN: 2010207)
chris@wh.law
Stewart Whaley (ABN: 2009084)
stewart@wh.law