IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSHUA LANGLEY AND VICTORIA RAY,
Each individually and on behalf of all others similarly situated                    PLAINTIFFS

v.                            CIVIL NO. 5:23-5031-CDC

FROST-BURNE, LLC                                                                    DEFENDANT

## ORDER OF APPROVAL AND DISMISSAL

On or about July 28, 2023, the parties herein executed settlement agreements after participating in a settlement conference conducted by the undersigned on July 18, 2023, reaching a settlement as to all parties and all issues, and consenting to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 15).

Plaintiffs Joshua Langley and Victoria Ray, former employees of Frost-Burne, LLC, who is a franchise owner of a Chik-Fil-A fast food restaurant, claimed that they (and other managers) regularly worked more than forty hours per week, that part of those hours were off-the-clock, and that Frost-Burne failed to pay them minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act, Ark Code Ann. § 11-4-201, *et seq*. Defendant denies that either Plaintiff was entitled to be paid additional minimum or overtime wages and denied that either Plaintiff had proof of violations of either federal or state law.

Before a Court approves an FLSA settlement agreement, it must determine that "the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Boland v. Baue Funeral Home Co.,* 2015 WL 7300507, at *2 (E.D. Mo. Nov. 18, 2015)

(cleaned up). "A settlement is bona fide if it reflects a reasonable compromise over issues actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under [the] FLSA." *King v. Raineri Constr., LLC,* 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115 (1946)). If the Court finds there is a bona fide dispute, it must next determine that the agreement purporting to settle that dispute is fair and reasonable to all parties. Such determination usually involves considering:

> the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiff's success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties based on the merits of the case.

*Id.* (citing *Carrillo v. Dandan, Inc.,* 51 F. Supp. 3d 124, 132-33 (D.D.C. 2014)).

The Court is persuaded that a bona fide dispute existed in this case. The parties fundamentally disagreed on the central issue of Plaintiffs' entitlement to overtime wages. The parties disagreed as to whether, and how much time, Plaintiffs spent on training assignments outside the workplace, and whether there was admissible proof of actual unpaid minimum wages for off-the-clock work and/or unpaid overtime wages for off-the-clock work by either of the Plaintiffs. The Court is satisfied that Plaintiffs' individual settlements are each fair and reasonable. All parties were represented by counsel, and it was made known to the Court that, although it was early in the litigation, some discovery had been exchanged, including payroll and training records, and those records were considered in evaluating the claims. Counsel worked together diligently to achieve settlements they agreed were based upon a candid consideration of the merits of the FLSA claims, the strength(s) of the defenses to those claims, and the reality of the cost of continuing litigation up to and through trial, including the time value of money and litigation risk.

The Court, having presided over the settlement conference, is convinced the parties' settlements are the result of arms-length negotiations. Moreover, the total amount recovered by each Plaintiff represents a reasonable and not *de minimis* recovery for the individual Plaintiff after balancing the expense and uncertainty of proceeding with litigation. Additionally, following resolution of Plaintiffs' FSLA claims, the parties continued their negotiations with the undersigned, and reached a separate settlement related to Plaintiffs' recoverable attorneys' fees. No issues remain for the Court's adjudication.

For the reasons stated above, the Court finds that the parties' proposed settlement agreements should be, and they hereby are, approved as fair and reasonable, and the Joint Motion to Dismiss (ECF No. 17) is **GRANTED** and Plaintiffs' Complaint **DISMISSED WITH PREJUDICE** pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

This Court retains jurisdiction to vacate this order and to reopen the action upon cause shown that the parties' settlement has not been completed and that a party wishes this Court specifically to enforce the settlement agreement.

**IT IS SO ORDERED** this 18th day of August 2023.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE